## UPSHUR COUNTY *v.* RICH.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 81. Submitted November 7, 1889.—Decided April 14, 1890.

An appeal, under a state law, from an assessment of taxes to " a county court," which, in respect to such proceedings, acts, not as a judicial body, but as a board of commissioners, without judicial powers, only authorized to determine questions of quantity, proportion and value, is not a " suit " which can be removed from the county court into a Circuit Court of the United States, and be heard and determined there.

THE case is stated in the opinion.

*Mr. Alfred Caldwell*, for appellant, submitted on his brief.

No appearance for appellees.

MR. JUSTICE BRADLEY delivered the opinion of the court.

Rich and others, the appellees, owned a tract of wild land in Upshur County, West Virginia, the exterior boundaries of which are supposed to contain 100,000 acres, and it was assessed for taxation for the year 1883 as containing 100,000 acres, at four dollars per acre. The owners, considering this assessment too high, applied to the county court of Upshur county for a reduction, and after giving notice to the prosecuting attorney for the county, on the 6th of November, 1883, filed the following petition:

" To the honorable the county court of the county of Upshur, in the State of West Virginia :

" The petition of Benjamin Rich, William F. Reynolds and George W. Jackson respectfully shows unto your honors that your petitioners are the owners in fee-simple of a certain tract of land lying partly in said county of Upshur and in the adjoining counties of Randolph and Braxton, but mostly in Upshur county, the exterior boundaries of which tract are

said to contain 100,000 acres ; that said tract of land has been charged and assessed on the land books of the proper district of the said county of Upshur for taxation for the year 1883 as containing 100,000 acres, whereas there are various parcels of land lying within said exterior boundaries which are properly to be deducted from the area therein, and thereby reduce the quantity to be charged to your petitioners for taxation.

" And your petitioners further show that the assessment of said tract of land on said land books is at a valuation of $400,000, which they charge is unjust, extravagant, excessive and illegal, and, as compared with the valuation of lands of like character in said county, wild and unimproved, the said valuation of said tract of 100,000 acres is grossly above and beyond that of adjacent lands.

" Your petitioners therefore pray that the State of West Virginia and the county of Upshur may be made parties defendant to this their petition, and that the said erroneous and illegal assessment be corrected and the quantity charged them, as aforesaid, reduced ; and they will ever pray, etc."

On the same day they filed a petition for the removal of the case to the Circuit Court of the United States for the District of West Virginia, alleging themselves to be citizens of Pennsylvania, and that the State of West Virginia and County of Upshur, in the said State, were necessary parties to the said controversy. The petition was grounded upon an affidavit of one of the parties that, from prejudice and local influence, the petitioners would not be able to obtain justice in the state court. The county court refused to order a removal; but on a petition being presented to the Circuit Court of the United States, with a transcript of the proceedings, that court took cognizance of the case, and denied a motion to remand it to the county court.

Thereupon the county court of Upshur County, by two of its members, (being a majority of the court,) filed a plea to the jurisdiction, alleging for cause, that the application of the petitioners for relief in the county court was not a suit, and did not involve a controversy between a citizen of West Virginia and a citizen of any other State ; and that, as to the taxes

belonging to the State, the county court was merely the organ, under the law of West Virginia, to act upon the matter of relief asked for ; and the same as to the taxes belonging to the county ; and that neither the county nor the State was a party, by process or otherwise, to the said application.

This plea was rejected on motion of the petitioner.

Afterwards the case was heard, and the Circuit Court made the following decree :

"Benjamin Rich, W. F. Reynolds, and George W. Jackson

*v.*

County of Upshur.

"Upon application to correct an erroneous assessment of lands in the county of Upshur, West Virginia, removed into this court December, 1883.

"This cause having been regularly docketed in this court, this day came the said Benjamin Rich, Wm. F. Reynolds, and George W. Jackson, by their attorneys, and the said county of Upshur, in the State of West Virginia, by Messrs. John Brannon and A. M. Poundstone, who represent the county of Upshur and the prosecuting attorney for said county, and it appearing to the court that the application for correction of the assessment herein complained of was made within the time prescribed by law, to wit, on the 16th day of April, 1883, and that the prosecuting attorney had due notice thereof, and the court, having heard the evidence and seen and inspected the papers and records in the cause, and heard the arguments of counsel thereon, upon mature consideration, doth find——" The court then finds the assessment erroneous ; that it should have been for only 25,000 acres of land instead of 100,000, and should have been at $2¼ per acre instead of $4 ; and ordered it to be corrected accordingly ; and decreed further as follows :

"That said Benjamin Rich, Wm. F. Reynolds, and George W. Jackson be, and they are hereby, relieved from the payment of so much and such part of the taxes and levies extended for said years 1883 and 1884 as may and do exceed the amount of taxes and levies proper to be assessed upon

said lands, as herein and hereby reduced in quantity and value.

"And it is further ordered that copies of this order be certified by the clerk of this court to the county court of Upshur County, the sheriff of said county, the assessor of the first district thereof, and the auditor of West Virginia; and it is further ordered that no costs be taxed for or against either party."

This is the decree appealed from; and the principal objection taken to it is, that the case was not properly removable from the state court to the Circuit Court of the United States. This objection is sought to be sustained on two distinct grounds:

1. That the case is not a suit within the meaning of the removal act;

2. That if it is a suit, within the said act, the State of West Virginia is a necessary party to it.

The act under which the case was removed was the third clause of section 639 of the Revised Statutes, which declares:

"Third: When a suit is between a citizen of the State in which it is brought and a citizen of another State, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, . . . if . . . he makes and files . . . an affidavit, stating that he has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such State Court."

It must be "a suit" between citizens of different States. Is this such a suit? We do not see how it can be called such. The original petition made the State of West Virginia and the county of Upshur parties defendant; and the petition of removal alleged that the State and county were necessary parties to the controversy. If, therefore, the proceeding could be called a suit at all, it was a suit against the State as well as the county, and such a suit is not within the category of removable cases. A State is not a citizen, if a county is.

But is an appeal from an assessment of property for taxation a *suit* within the meaning of the law? In ordinary cases it certainly is not. By the laws of all or most of the States,

tax-payers are allowed to appeal from the assessment of their property by the assessor to some tribunal constituted for that purpose, sometimes called a board of commissioners of appeal; sometimes one thing and sometimes another. But whatever called, it is not usually a court, nor is the proceeding a suit between parties; it is a matter of administration, and the duties of the tribunal are administrative, and not judicial in the ordinary sense of that term, though often involving the exercise of quasi-judicial functions. Such appeals are not embraced in the removal act.

In this respect the law of West Virginia does not differ from that of most other States. It is true that the tribunal of appeal is called the "county court," but it has no judicial powers except in matters of probate. In all other matters it is an administrative board, charged with the management of county affairs. It formerly had general judicial powers, but by an amendment to the constitution of West Virginia adopted in 1880, in place of the VIIIth article of the Constitution of 1872, it was provided as follows:

"22. There shall be in each county of the State a county court, composed of three commissioners, and two of said commissioners shall be a quorum for the transaction of business. It shall hold four regular sessions in each year, at such times as may be fixed upon and entered of record by the said court. Provisions may be made by law for holding special sections of said court."

To this court (so called) was given the custody of the county records, and it was further declared that —

"They shall have jurisdiction in all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators, and the settlement of their accounts, and in all matters relating to apprentices. They shall also, under such regulations as may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties, including the establishment and regulation of roads, ways, bridges, public landings, ferries and mills, with authority to lay and disburse the county levies. . . . They shall, in all cases of contest,

judge of the election, qualification and returns of their own members, and of all county and district officers, subject to such regulations, by appeal or otherwise, as may be prescribed by law. Such courts may exercise such other powers and perform such other duties, *not of a judicial nature*, as may be prescribed by law."

Under the power given by the last clause, the legislature of the State on the 23d of February, 1883, passed an act by which, amongst other things, it was declared as follows:

"(7.) Any person feeling himself aggrieved by the assessment of his real estate, made under provisions of this act, may, within one year after the filing of a copy of such assessment with the clerk of the county court, apply, by himself or his agent, to the said court for redress, first giving reasonable notice in writing of his intention to the prosecuting attorney, and stating in such notice the character of the correction he desires. It shall be the duty of the prosecuting attorney, upon being so notified, to attend to the interests of the State, at the trial of such application. If, upon hearing the evidence offered, the county court shall be of opinion that there is error in the assessment complained of, or that the valuation fixed by the commissioners is excessive, the said court shall make such order correcting the said assessment as is just and proper." Acts of W. Va., 1883, c. 72, p. 104.

It was under this law that the appeal from the assessment in the present case was taken. In our judgment it was not a suit within the meaning of the removal act — though approaching very near to the line of demarcation. We cannot believe that every assessment of property belonging to the citizen of another State can be removed into the federal courts. Certainly the original assessment, made by the township or county assessors, could not be called a suit, and could not be thus removed; and there is, justly, no more reason for placing an assessment on appeal within that category. It is nothing but an assessment in either case, which is an administrative act. The fact that the board of appeal may swear witnesses does not make the proceeding a suit. Assessors are often empowered to do this without altering the character of their functions.

This view is in accord with that of the Supreme Court of Appeals of West Virginia. In the case of *A. A. Low et al.* v. *County Court of Lincoln County,* 27 W. Va. 785, they held that no appeal lies from a judgment of the county court rendered under the section above quoted, refusing to correct the assessed valuation on land; and that such judgment can be reviewed, if at all, only by *certiorari.* In *Pittsburg, Cincinnati etc. Railway Co.* v. *Board of Public Works,* 28 W. Va. 264, 270, they held that where the board of public works fixed the valuation of the property of a railroad company under the statutes, it simply acted as a county assessor does in assessing the property of individuals; and that the acts of both are merely ministerial, and not judicial in any proper sense of the term. After referring to a number of authorities on the subject, the court says : "These authorities establish, beyond the propriety of controversy, that the action and decision of a designated officer or board, whether the same be a court or other body, in reviewing and correcting an assessment of corporate or other property for taxation, are no more judicial acts than the acts of the officer or authority making the original assessment. They also show that the decision or finding of such officer or board, even if the same be a court or other judicial tribunal, is not such a judicial act or judgment as can be reviewed by a supreme or appellate court possessing judicial powers only."

In these views we concur. At the same time we do not lose sight of the fact, presented by every day's experience, that the legality and constitutionality of taxes and assessments may be subjected to judicial examination in various ways, — by an action against the collecting officer, by a bill for injunction, by *certiorari,* and by other modes of proceeding. Then, indeed, a suit arises which may come within the cognizance of the federal courts, either by removal thereto, or by writ of error from this court, according to the nature and circumstances of the case. Even an appeal from an assessment, if referred to a court and jury, or merely to a court, to be proceeded in according to judicial methods, may become a suit within the act of Congress. But the ordinary acts and doings of assessors, or of

appellate boards of assessors, in passing upon matters of mere valuation, appraisement or proportionate distribution of expense, belong to a different class of governmental functions, executive and administrative in their character, and not appertaining to the judicial department. If an illegal principle of valuation be adopted, or an unconstitutional assessment or tax be made or imposed, or fraud be practised, it may be examined by one of the judicial methods referred to, and thus become the subject of a suit.

The question what is a "suit" in the sense of the judiciary laws of the United States has been frequently considered by this court. Reference may be made particularly to the following cases : *Weston* v. *City of Charleston*, 2 Pet. 449, 464; *Kendall* v. *United States*, 12 Pet. 524; *Holmes* v. *Jennison*, 14 Pet. 540, 566; *Ex parte Milligan*, 4 Wall. 2, 112; *Kohl* v. *United States*, 91 U. S. 367, 375 ; *Gaines* v. *Fuentes*, 92 U. S. 10, 21, 22; *Boom Company* v. *Patterson*, 98 U. S. 403, 406; *Ellis* v. *Davis*, 109 U. S. 485, 497; *Hess* v. *Reynolds*, 113 U. S. 73, 78 ; *Pacific Railroad Removal Cases*, 115 U. S. 1, 18; *Searl* v. *School District*, 124 U. S. 197, 199 ; *Delaware County* v. *Diebold Safe Co.*, 133 U. S. 473, 486, 487.

In the four cases first cited this court determined that writs of prohibition, mandamus and *habeas corpus*, prosecuted for the attainment of the parties' rights, are suits within the meaning of the law, the judgments upon which, in proper cases, may be removed into this court by writ of error. In *Weston* v. *City of Charleston* Chief Justice Marshall said : "Is a writ of prohibition a suit? The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit." This definition is quoted with approbation by Chief Justice Taney in *Holmes* v. *Jennison*, which was a case of *habeas corpus*, and by other judges in subsequent cases.

*Boom Company* v. *Patterson, Pacific Railroad Removal*

*Cases*, and *Searl* v. *School District* were cases of the assessment of the value of lands condemned for public use under the power of eminent domain. The general rule with regard to cases of this sort is, that the initial proceeding of appraisement by commissioners is an administrative proceeding, and not a suit ; but that if an appeal is taken to a court, and a litigation is there instituted between parties, then it becomes a suit within the meaning of this act of Congress. In *Boom Company* v. *Patterson* the company was authorized by the state laws of Minnesota to take land for the purpose of its business, and to have commissioners appointed to appraise its value. If their award was not satisfactory, either to the company or to the owner of the land, an appeal lay to the district court, where it was to be entered by the clerk "as a case upon the docket," the land owner being designated as plaintiff and the company as defendant. The court was then required to proceed to hear and determine the case in the same manner that other cases were heard and determined. Issues of fact were to be tried by a jury, unless a jury was waived. The value of the land being assessed by the jury or the court, as the case might be, the amount of the assessment was to be entered as a judgment against the company, subject to review by the supreme court of the state on writ of error. This mode of proceeding was followed. The Boom Company and the land owner both appealed from the award of the commissioners. When the case was brought before the District Court, the owner, being a citizen of another state, applied for and obtained its removal to the Circuit Court of the United States, where it was tried before a jury and a judgment was rendered upon their award. We held that the appeal in that case was a suit within the meaning of the act of Congress authorizing the removal of causes from the state to the federal courts. Mr. Justice Field, speaking for the court, said : "The proceeding in the present case before the commissioners appointed to appraise the land was in the nature of an inquest to ascertain its value, and not a suit at law in the ordinary sense of those terms. But when it was transferred to the District Court by appeal from the award of the commissioners, it took, under the statute of the

state, the form of a suit at law, and was thenceforth subject to its ordinary rules and incidents."

In *Delaware County* v. *Diebold Safe Co.* it was held that where a claim against a county is heard before county commissioners, though the proceedings are, in some respects, assimilated to proceedings before a court, yet they are not in the nature of a trial *inter partes*, but are merely the allowance or disallowance, by county officers, of a claim against the county, upon their own knowledge, or upon any proof that may be presented to them; but that an appeal from their decision, tried and determined by the Circuit Court of the county, is a suit removable to the Circuit Court of the United States.

In *Kohl* v. *United States* the whole proceeding for condemnation of land as a site for a post-office was held to be a suit. Mr. Justice Strong, delivering the opinion of the court, said : " It is difficult to see why a proceeding to take land in virtue of the government's eminent domain, and determining the compensation to be made for it, is not, within the meaning of the statute, a suit at common law, when initiated in a court." This view of the proceeding as a whole, instituted and concluded in a court, and analogous to the proceeding of *ad quod damnum* at common law, perhaps, distinguished this case from the other cases before referred to.

Two of the other cases cited, *Gaines* v. *Fuentes* and *Ellis* v. *Davis*, arose out of proceedings to set aside the probate of wills; and although the granting of probate of a will is not ordinarily a suit, yet, if a contestation arises, and is carried on between parties litigating with each other, the proceeding then becomes a suit. As observed by Mr. Justice Matthews, speaking for the court in *Ellis* v. *Davis*, " Jurisdiction as to wills, and their probate as such, is neither included in, nor excepted out of, the grant of judicial power to the courts of the United States. So far as it is *ex parte* and merely administrative, it is not conferred, and it cannot be exercised by them at all until, in a case at law or in equity, its exercise becomes necessary to settle a controversy of which a court of the United States may take cognizance by reason of the citizenship of the parties." Similar views were expressed by Mr. Justice Miller in *Hess* v.

*Reynolds,* which was the case of a creditor instituting proceedings in a probate court against the estate of his deceased debtor, and then removing them into the Circuit Court of the United States.

The principle to be deduced from these cases is, that a proceeding, not in a court of justice, but carried on by executive officers in the exercise of their proper functions, as in the valuation of property for the just distribution of taxes or assessments, is purely administrative in its character, and cannot, in any just sense, be called a suit; and that an appeal in such a case, to a board of assessors or commissioners having no judicial powers, and only authorized to determine questions of quantity, proportion and value, is not a suit; but that such an appeal may become a suit, if made to a court or tribunal having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on the one side and the other.

Applying this principle to the facts of the present case, it does not seem difficult to come to a decision. We have seen that, although the appeal from the assessment was made to the " county court " *eo nomine,* yet that this is not a judicial body, invested with judicial functions, except in matters of probate; but is the executive or administrative board of the county, charged with the management of its financial and executive affairs. According to the principles laid down by the state court, the acts of this board, in matters of taxation, are as purely administrative as are those of the county assessors in making the original assessment. Although we are not concluded by this decision, it is so much in harmony with our own decisions on the same subject that we accept it as correct.

According to these views the proceeding below was not properly removable to the circuit court of the United States, and ought to have been remanded to the state court.

The decree of the circuit court is

*Reversed and the cause remanded with instructions to remand the same to the state court from which it was removed.*