DAIRY EMPLOYEES INDEPENDENT UNION, Appellant, vs. WISCONSIN EMPLOYMENT RELATIONS BOARD, Respondent.

*September 18—October 7, 1952.*

For the appellant there was a brief by *Sydney M. Eisenberg* and *Harold Harris,* and oral argument by *Mr. Eisenberg* and *Mr. John G. Vergeront,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the Milk & Ice Cream Drivers & Dairy Employees Union, Local 225, A. F. L., there was oral argument by *Saul Cooper* of Milwaukee.

GEHL, J. In 1947, following an election by the company's employees the board certified the Independent as the bargaining unit for *all* the employees. Prior to the time of the petition of Local 225 here involved and since 1947 there had been other proceedings before the board to determine differences existing between the two unions, the last of which was instituted on January 23, 1950, upon the petition of Local 225 that the board direct an election be conducted among the driver salesmen and helpers to determine the same issues as were directed to be determined by the order here involved. The board denied the petition on April 7, 1950. Our conclusion is not necessarily dependent upon what took place before September 6, 1951, except that in connection with one of the contentions made by Independent we should, and may with the consent of the attorney general, consider the last of the proceedings had before that date.

Independent contends that the action of the board taken on September 6, 1951, is "capricious, arbitrary, and whimsical" in that it is a reversal of the board's determination made so recently before, on April 7, 1950. A determination made by an administrative agency is not the exercise of a

judicial function; it is an administrative act merely and has not the force of the judgment of a court. *Duel v. State Farm Mut. Automobile Ins. Co.* 240 Wis. 161, 1 N. W. (2d) 887, 2 N. W. (2d) 871; *State ex rel. Schleck v. Zoning Board of Appeals,* 254 Wis. 42, 35 N. W. (2d) 312. Its ruling relates only to the facts and conditions presented upon the pending proceeding. It is not bound by its prior determinations, 73 C. J. S., Public Administrative Bodies and Procedure, p. 480, sec. 147.

We find no suggestion in any of the authorities which we have examined that the action of an administrative agency should be controlled solely by the fact that there has been a previous determination of the same issue. It should be noted that the last preceding order of the board to which Independent refers was made eighteen months before entry of that which we have for consideration.

The pertinent provisions of the statutes are as follows:

Sec. 111.02 (6) "The term 'collective-bargaining unit' shall mean all of the employees of one employer (employed within the state), except that where a majority of such employees engaged in a single craft, division, department, or plant shall have voted by secret ballot as provided in section 111.05 (2) to constitute such group a separate-bargaining unit they shall be so considered, . . ."

Sec. 111.05 (2) "Whenever a question arises concerning the determination of a collective-bargaining unit as defined in section 111.02 (6), it shall be determined by secret ballot, and the board, upon request, shall cause the ballot to be taken in such manner as to show separately the wishes of the employees in any craft, division, department, or plant as to the determination of the collective-bargaining unit."

It appears from these provisions that the application of Local 225 presented to the board for determination a single issue of fact: Do the applicants constitute a single division or department of the employer? If that issue is determined in

the affirmative, the board is required to conduct an election to determine what agency shall act as the bargaining unit of the division or department. The board has found that the applicants constitute a single division or department, the election has been held, the members of the division have chosen to be represented by Local 225, and therefore, the only matter for consideration here is whether the board's finding is "unsupported by substantial evidence in view of the entire record as submitted." Sec. 227.20 (1) (d), Stats. If it is supported by evidence in the record it is conclusive. *Ray-O-Vac Co. v. Wisconsin E. R. Board,* 249 Wis. 112, 23 N. W. (2d) 489.

The petitioners are "outside" employees engaged principally in selling the employers' products as distinguished from the "inside" employees—plant workers, garage, and office employees. It appears that the "outside" employees have different working hours, that they do not interchange jobs with the "inside" employees; they have separate supervision and are paid compensation on a basis different from that received by the "inside" employees.

At the hearing upon the application with which we are now concerned, it was established that the bargaining contracts of eight other dairies operating in the Milwaukee area recognize a difference between the functions, operations, supervision, hours of work, and compensation of their "outside" employees and those employed inside their plants. This was established by the contracts of the other dairies to the offer of which there was objection. We are of the opinion that they were properly considered by the board. Evidence of that character would not under most circumstances be received in a court of law; but proceedings before an administrative body are not required to be conducted with all the formality of a trial in a court.

"In contested cases: (1) Agencies shall not be bound by common-law or statutory rules of evidence. They shall admit

all testimony having reasonable probative value, but shall exclude immaterial, irrelevant, or unduly repetitious testimony. . . ." Sec. 227.10, Stats.

We conclude that the appellant has failed to meet the burden of establishing that the board's finding is "unsupported by substantial evidence," and that, on the contrary, it is supported. It is conclusive and may not be disturbed by us.

*By the Court.*—Judgment affirmed.