**CORWIN JEEP SALES & SERVICE, INC., Plaintiff,**

v.

**AMERICAN MOTORS SALES CORPORATION, Defendants.**

Civ. A. No. 86–0001.

United States District Court, M.D. Pennsylvania.

May 12, 1986.

John R. Luke, Luke & Anthony, Pittsburgh, Pa., for plaintiff.

Michael O'S. Floyd, James C. Ingram, Drinker, Biddle & Reath, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

This case involves a dispute over the termination of an automobile franchise agreement. The plaintiff, Corwin Jeep Sales & Service, Inc. (Corwin) initially filed the complaint herein with the Pennsylvania State Board of Vehicle Manufacturers, Dealers and Salespersons (the Board). Subsequently, the defendant, American Motors Sales Corporation (AMSC), removed the case to this court pursuant to our diversity jurisdiction. Corwin now petitions for remand of the matter to state court, and AMSC opposes the motion. For the reasons set forth below, the motion will be denied.

■ In deciding whether to grant a petition for remand, the first inquiry is whether the case originally filed in the state forum was properly removed to the federal court. *Chandler v. Riverview Leasing, Inc.*, 602 F.Supp. 157 (E.D.Pa. 1984); *Brunwasser v. Mulvihill*, 490 F.Supp. 965, 966 (W.D.Pa.1980). 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court. 28 U.S.C. S. § 1441(a) (Law.Coop.1977). This removal jurisdiction is to be strictly construed, with doubt as to its propriety resolved in favor of remand. *In re Auerbacher*, 616 F.Supp. 532, 533–34 (E.D.Pa.1985); *Lancaster General Hospital v. Emergency Health Services Federation*, 534 F.Supp. 1106, 1107 (E.D.Pa.1982). Furthermore, courts have often stressed the statutory dictate that removal is proper only in an action over which the district court would have had original jurisdiction. *See, e.g., Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir.1977).

Plaintiff contends that this matter must be remanded for two reasons. First, Corwin claims that the case was not properly removed to federal court because the state forum in which the complaint was originally filed was not a "court" within the meaning of 28 U.S.C. § 1441(a) but was rather an administrative agency. Second, Corwin argues that the district court would not have had original jurisdiction of this case because the complaint fails to satisfy the $10,000 amount in controversy requirement of diversity jurisdiction. These issues will be addressed separately.

1. *Whether the Board is a "court" for purposes of removal jurisdiction.*

■ The Board is created under Pennsylvania law. See 63 Pa.S.A. § 818.1 *et seq.* However, the determination whether that body should be considered a "court" for purposes of removal jurisdiction is a matter of federal law, *Shamrock Oil & Gas Corp.*

*v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941), and thus the manner in which the Pennsylvania statutes characterize it does not control our decision here. While Corwin concedes this point, Brief in Support of Petition to Remand at 3, it nevertheless contends that "an examination of the powers and duties of the Board clearly indicates that the Board engages in administrative decision-making rather than in uniquely judicial functions." *Id.* at 3–4.

That Corwin so argues suggests that it agrees with the defendant on the proper test to be applied in determining whether a state body should be characterized as a court for purposes of removal jurisdiction.[1] That test is a functional one first enunciated in *Tool and Die Makers Lodge No. 78 v. General Electric Co.,* 170 F.Supp. 945 (E.D.Wisc.1959). Citing to the decision of the United States Supreme Court in *Upshur County v. Rich,* 135 U.S. 467, 10 S.Ct. 651, 34 L.Ed. 196 (1890), the *Tool and Die Makers* court held that a case before the Wisconsin Employment Relations Board was properly construed as an action in state court for purposes of diversity jurisdiction. The Court reasoned as follows:

> In the construction of federal statutes dealing with proceedings in State court, it is clear that the Supreme Court ... has adopted a functional rather than a literal test. Thus the question of whether a proceeding may be regarded as an action in a State court within the meaning of the statute is determined by reference to the procedures and functions of the State tribunal rather than the name by which the tribunal is designated.

*Tool and Die Makers,* 170 F.Supp. at 950. The proceeding before the Wisconsin Employment Relations Board met this functional test, and was therefore an "action in state court," because although the matter had been cast in terms of an unfair labor practice, it was in fact a simple breach of contract case. Therefore, "[u]nder Wisconsin law an identical action could have been brought in the trial courts" of the state, and "had the complainants elected so to do, there would be no question of the right of respondent to remove the case to Federal court." *Id.* Furthermore, the procedures employed by the Board "reveal[ed] its judicial character." *Id.* These included, *inter alia,* the filing of a complaint and answer, the setting of the matter for hearing, the issuance of subpoenas, the taking of depositions, the use of contempt proceedings to punish non-attendance, the making of a record, and the making of findings and entry of an order setting forth the appropriate remedy. *Id.* Finally, the court noted that a state could not, by establishing certain procedures and forum for the resolution of particular disputes, validly "defeat the right of a litigant otherwise entitled to have his case heard in federal court." Thus,

> "[t]he peculiarity under Wisconsin procedures whereby the judicial inquiry is divided between a Board which investigates and declares and a court which enforces liabilities ... present no obstacle to removal since the actions have the same essentials as original suits permissible in Federal district court or in State trial courts."

*Id.* at 950, 951.

Although this court has been informed of no case in which the Court of Appeals for the Third Circuit has squarely adopted the *Tool and Die Makers* reasoning, at least one dissenting opinion has relied on it. *Edelson v. Soricelli,* 610 F.2d 131, 141–43 (3d Cir.1979) (Rosenn, J., dissenting) (Pennsylvania Arbitration Panels for Health Care should be considered state courts for purposes of removal; majority did not address this question but instead reasoned that arbitration remedy was substantive condition precedent to suit and therefore *Erie* doctrine required that federal court

---

1. Several cases on which Corwin relies further buttress this court's impression that the plaintiff does not dispute that the functional test should guide our decision. Corwin cites *Upshur County v. Rich,* 135 U.S. 467, 10 S.Ct. 651, 34 L.Ed. 196 (1890), the Supreme Court opinion which, as noted above, gave rise to the functional test. This test was applied in *Walthill v. Iowa Electric Light & Power Co.,* 228 F.2d 647 (8th Cir.1956), also cited by the plaintiff, to determine that a state condemnation court was acting as an administrative rather than a judicial body.

adhere to this condition under substantive state law). Furthermore, this district has adopted the functional approach to analysis of a removal jurisdiction question. *United States v. Pennsylvania Environmental Hearing Board,* 377 F.Supp. 545, 553 (M.D. Pa.1974) (Sheridan, C.J.). Finally, several other Circuits have expressly relied on *Tool and Die Makers.* In *Floeter v. C.W. Transport, Inc.,* 597 F.2d 1100 (7th Cir. 1979), the court held that the Wisconsin Employment Relations Commission should be considered a state court for purposes of removal, because "the title given a state tribunal is not determinative; it is necessary to evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum." *Floeter,* 592 F.2d at 1102. However, the court cautioned that it based its decision only on the facts of the case before it, and that "[o]ther actions brought before the agency may involve different state and federal interests, or a different agency role, and a weighing of the competing interests in those cases might well result in a determination that those cases (could) not be properly removed." *Id. See also Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board,* 454 F.2d 38 (1st Cir.1972), which held that an action before the Puerto Rico Labor Relations Board was properly removed to federal court, because the functional analysis was "far more satisfactory than to be content with a Steinian rendition of 'a board is a board is a board.'" 454 F.2d at 46.

In support of its argument that the Board should not be considered a "state court," plaintiff relies on one of the few cases which expressly rejects the *Tool and Die Makers* analysis. In *California Packing Corp. v. International Longshoremen's & Warehousemen's Union Local 142,* 253 F.Supp. 597 (D.Hawaii 1966), the court granted a petition for remand of a complaint alleging unfair labor practices against a trade union. The court reasoned that the case was not removable because the federal district court was without original jurisdiction under the Norris-LaGuardia Act to grant the requested relief. This result has been overruled and this reasoning criticized in *Volkswagen de Puerto Rico,* 454 F.2d at 43 ("What remains" of the court's reasoning "is an unquestioning reliance on the state's characterization of its chosen instrument as a board or a court, even for the purposes of a federal removal statute in the context of federal substantive law"). Accordingly, this court is unpersuaded by that authority.[2]

Thus, we conclude that the functional approach to the determination whether the Board is serving as an administrative body or a state court must guide our decision in this case. Applying such a functional analysis, we further determine that the Board is acting in a judicial capacity in this matter.

■ As noted above, this case concerns a dispute between private parties over the allegedly wrongful termination of the automobile franchise agreement into which they have entered. The resolution of such disputes, which will involve interpretation of the agreement itself and the applicable law, is an endeavor which courts commonly undertake. Indeed, unlike the statute in *Edelson,* 610 F.2d 131, the Act in question does not establish the administrative remedy as a condition precedent to suit, but rather specifically provides that "any person" injured by a violation thereof "may bring an action for damages and equitable relief ... in any court of competent jurisdiction." 63 P.S. § 818.20(a).

Corwin emphasizes the Board's administrative powers under the Act, which include licensing, investigative, enforcement and record-keeping functions. 63 P.S. § 818.4. However, AMSC correctly points out that the Board is acting in this case not in its administrative or regulatory capacity, but to resolve the dispute between the parties

---

**2.** Furthermore, we reject petitioner's contention that the *Tool and Die Makers* line of cases is limited to questions of labor law under the Labor Management Relations Act, as we do not read the cases in such a narrow manner and indeed note that the Third Circuit cases cited above concern other areas of the law.

concerning the franchise agreement. Accordingly, the state's interest in implementation of its regulatory mechanism is not at stake in this case; Pennsylvania has no greater interest in this matter than it does in the resolution of any other private dispute between individuals.[3]

Finally, an examination of the procedures which the Board would employ in resolving this case lend further support to our conclusion that that body is here acting in a judicial rather than an administrative capacity. These procedures, which are governed by the Board's Order in this case, see Exhibit A to AMSC's Brief in Opposition to Petition, and by Pennsylvania's General Rules of Practice and Procedure, 1 Pa.Code Chapters 31, 33 and 35, include, *inter alia*, the following: the filing of pleadings, 1 Pa.Code § 35.35; the taking of depositions, 1 Pa.Code § 35.145–152; the filing of prehearing memoranda, Exhibit A ¶ 3; the conduct of a formal hearing at which evidence is presented and witnesses may be cross-examined, 1 Pa.Code § 35.126; the preparation of a transcript of the hearing, 1 Pa.Code § 35.131; the submission of post-trial briefs including proposed findings of fact and conclusions of law, Exhibit A, ¶ 5; the issuance of an "Adjudication and Order" setting forth the Board's decision. Exhibit B to AMSC's Brief. These measures are identical to some of those relied on in *Tool and Die Makers*. As in that case, the use of such procedures to resolve private disputes compels the conclusion that the Board is acting in a judicial capacity and should be con-

sidered to be a state court for purposes of removal jurisdiction.

### 2. *Whether the Jurisdictional Amount Requirement is Satisfied.*

█ Corwin also argues that this case must be remanded because there is no federal diversity jurisdiction as the case fails to satisfy the $10,000 amount in controversy requirement set forth in 28 U.S.C. § 1332. The substance of the plaintiff's argument appears to be that because it chose not to request money damages in the complaint, the jurisdictional amount requirement cannot be met. This court disagrees.

In determining whether the jurisdictional amount requirement has been satisfied, generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). In other words, "to establish the jurisdictional amount it is sufficient that there is a probability that the value of the matter in controversy" exceeds the jurisdictional amount. *Cunningham v. Ford Motor Co.*, 413 F.Supp. 110, 1103 (D.S.C.1976). Once challenged, the party seeking to invoke federal jurisdiction has the burden of demonstrating its existence. *United Jersey Bank Southwest v. Keystone Collision, Inc.*, 482 F.Supp. 71, 72 (E.D.Pa. 1979).

---

**3.** Corwin contends that the state also has a strong interest in "protecting its residents and businesses from overreaching by powerful manufacturers such as respondent," Reply Brief at 2, and that the state forum is therefore preferable. However, this court would like to think itself equally capable of preventing overreaching, if such exists, by any party. Furthermore, as petitioner has raised the issue of local interest in the dealings of a citizen with an out-of-state party, it is relevant to point out in this regard that one of the original purposes of the creation of federal jurisdiction in diversity cases was precisely "to institute independent tribunals which would be unaffected by local prejudices and sectional views, based on the supposition that state courts might not be impartial in deciding disputes between their own citizens and

noncitizens, and that state attachments, state prejudices, state jealousies, and state interests might sometimes obstruct or control the regular administration of justice." 1 Fed.Proc., L.Ed. § 1:36 (Law.Ed.1981), citing, *inter alia, Burgess v. Seligman*, 107 U.S. (17 Otto) 20, 2 S.Ct. 10, 27 L.Ed. 359 (1883); *Pease v. Peck*, 59 U.S. (18 How.) 595, 15 L.Ed. 518 (1856); *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat) 304, 4 L.Ed. 97 (1816). In a related vein, this court need not abstain in a case such as this one, the resolution of which will not implicate matters peculiarly within the expertise of state court. We thus distinguish *In re Auerbacher*, 616 F.Supp. 532, which involved trusts and estates, and on the basis of which Corwin appears to suggest that we should abstain.

As the plaintiff is considered to be "the master of his or her claim," he may insulate a case from removal by waiving a portion of his damages and asking for less than the jurisdictional amount. 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, (hereinafter Wright, Miller & Cooper), § 3702 at 22; *see St. Paul*, 303 U.S. at 292, 58 S.Ct. at 591; *Rocket Oil & Gas Co. v. Arkansas Louisiana Gas Co.*, 435 F.Supp. 1306 (W.D.Okla.1977). However, a plaintiff may not defeat removal simply by characterizing a case as involving equitable claims rather than damages, or by seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount. Wright, Miller & Cooper, § 3725 at 422; *see Perrin v. Tenneco Oil Co.*, 505 F.Supp. 23 (W.D. Okla.1980).

The amount in controversy is measured by the pecuniary value of the rights being litigated. *Hunt v. Washington Apple Advertising Commission*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed. 2d 383 (1977); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983). When the complaint does not contain a demand for a specific monetary amount, the court may look to the petition for removal, *Davenport v. Procter & Gamble Manufacturing Co.*, 241 F.2d 511 (2d Cir.1957); *Redevelopment Authority v. City of Hope National Medical Center*, 383 F.Supp. 813, 815 (E.D.Pa. 1974), or make an independent appraisal of the monetary value of the claim. *Perrin*, 505 F.Supp. 23; *Horak v. Color Metal of Zurich, Switzerland*, 285 F.Supp. 603 (D.N.J.1968). Once the removability of a case has been contested by timely motion to remand, the district court has an obligation to make a factual inquiry into that issue. *Rollwitz v. Burlington Northern Railroad*, 507 F.Supp. 582, 587 (D.Mont. 1981). Accordingly, this court will proceed to do so.[4]

Preliminarily, we note that the Petition for Removal avers that the amount in controversy exceeds the jurisdictional amount requirement, Petition for Removal, ¶ 7, and there has been no suggestion that that allegation is made other than in good faith. Our own review of the underlying facts further indicates the probability that the value of the rights at stake may equal or exceed the jurisdictional amount requirement. Put another way, this court cannot find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than $10,000.

From Corwin's Statement of Complaint it is apparent that AMSC seeks to terminate the agreement because Corwin has allegedly failed to honor its franchise commitment to relocate the dealership. Statement of Complaint, ¶ G, annexed to Petition for Removal. Corwin states that "the amount of investment required is economically not feasible" and that the defendant "has refused to approve" Corwin's proposed location. *Id.* Thus, Corwin had previously selected a proposed site, which was apparently available at a selling price of $150,000. See Agreement of Sale annexed as Exhibit C to AMSC's Brief. In addition, Corwin's year-end financial statement, annexed as Exhibit D to defendant's Brief, reveals the following figures for 1985: Corwin's gross sales of new vehicles totalled $1,654,997, with a gross profit in that department of $31,704. In its vehicle parts department the gross sales were reported at $336,838, with gross profits of $103,127. Corwin's net profit in 1985 was $9,784. While of course these figures do not establish conclusively the value of Corwin's dealership, we find that in view of these figures it cannot be said to a legal certainty that the respective rights of the parties under the franchise agreement fail to meet the jurisdictional amount requirement.

In sum, while this court is cognizant of the principle that the removal statute is to be strictly construed, we find that this ac-

4. We reject out of hand plaintiff's contention that such an inquiry would constitute "pure speculation." Reply Brief in Support of Petition to Remand at 5. We read *Rollwitz*, 507 F.Supp. 582, cited in support of plaintiff's argument, to indicate that where factual information is available to support the court's independent determination, an inquiry into those facts is *required*; not, as Corwin contends, that it would be impermissible.

tion was properly removed (1) because the State Board of Motor Vehicle Manufacturers, Dealers and Salespersons, before which the complaint was originally filed, was here acting as a state court for purposes of the removal statute, and (2) because our independent inquiry into the underlying facts demonstrates that Corwin has failed to establish that the $10,000 jurisdictional amount requirement has not been met. Accordingly, the Petition to Remand will be denied.