**COMMONWEALTH OF PENNSYLVANIA, STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS AND SALESPERSONS, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, CHEVROLET DIVISION, Defendant.**

**Civ. A. No. 1:CV–90–1578.**

United States District Court, M.D. Pennsylvania.

March 19, 1991.

David L. Callihan, Pros. Atty., George L. Shevlin, Com'r, Peter K. Bauer, Com. of Pa., Bureau of Professional and Occupational Affairs, Harrisburg, Pa., for plaintiff.

William A.K. Titelman, Harrisburg, Pa., James A. Mollica, Jr., Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Pittsburgh, Pa., Michael H. Carpenter, Jeffrey A. Lipps, Jones, Day, Reavis & Pogue, Columbus, Ohio, Patrick F. McCartan, Marc L. Swartzbaugh, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant.

## MEMORANDUM

RAMBO, District Judge.

### PROCEDURAL HISTORY

Before the court is the petition of plaintiff, the Commonwealth of Pennsylvania, State Board of Vehicle Manufacturers, Dealers and Salespersons, (the Board) to remand this action for proceedings before the Board. The action arose out of a Rule to Show Cause issued to General Motors Corporation, Chevrolet Division, (General Motors) by the Board in response to a complaint filed with the Board by one of General Motors' dealers, which alleged that one of General Motors' marketing initiatives required the dealer to contribute financially to an advertising campaign, in violation of The Board of Vehicles Act, 63 P.S. § 818.1 *et seq.* (Purdon Supp.1990) (hereinafter the Act).

Pursuant to its duties under the Act, the Board initially investigated the complaint and issued the Rule to Show Cause, which directed General Motors to come forward and show cause why the Board should not take disciplinary action, as provided under Section 4 of the Act. Rather than respond to the Board's Rule, General Motors removed the action to this court, pursuant to the federal removal statute, 28 U.S.C. § 1441(a), on the basis of diversity of citizenship and amount in controversy. Subsequently, the Board filed a petition to remand, which is presently before the court.

### DISCUSSION

General Motors relies primarily upon this court's decision in *Corwin Jeep Sales & Service Inc. v. American Motors Sales Corp.*, 670 F.Supp. 591 (M.D.Pa.1986) to argue that removal of the action to this court is proper. In *Corwin*, the court was presented with a franchise contract dispute between an automobile dealer and a manufacturer. The dealer initiated an action before the Board, alleging that the manufacturer had terminated its franchise agreement wrongfully. *Corwin*, 670 F.Supp. at 594. The manufacturer removed the action to this court on the basis of diversity of citizenship and the dealer filed a motion to remand, arguing that the Board was not a court under § 1441(a) of the federal removal statute but was, rather, an administrative agency. In the alternative, the dealer argued that the manufacturer had failed to satisfy the amount in controversy requirement for diversity jurisdiction. *Id.* at 592.

This court denied the motion to remand in the *Corwin* decision based upon the "functional test," which is applied to determine when a statutorily created body should be treated as a court for purposes of the federal removal statute. *Id.* at 593–94. The functional test allows the court to look beyond the name by which a tribunal is designated to the procedures and functions under which it operates to determine whether it is acting as a court in a given situation. *Id.* at 593 (quoting *Tool and Die Makers Lodge No. 78 v. General Electric Co.*, 170 F.Supp. 945 (E.D.Wisc.1959). In addition to the procedures and functions of the tribunal, the examining court must consider the respective state and federal interests in the matter in controversy. *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100 (7th Cir.1979).

In *Corwin,* this court denied the petition for remand. The decision was based upon the fact that, by attempting to resolve the contract dispute between the two parties through civil hearing procedures closely related to those that would be employed in a court of law, the Board was exercising a traditional judicial function rather acting in its regulatory or administrative capacity. *Corwin,* 670 F.Supp. at 594. Moreover, the court believed that it had as much interest as the Board in resolving the specific dispute between the two parties at hand. *Id.* at 595 & n. 3. The court also determined that the amount in controversy was satisfied since the court could not find to a legal certainty that the parties respective rights under the contract would be worth less than the amount required to establish diversity jurisdiction at that time. *Id.* at 596.

■ The *Corwin* decision does not dictate the same result for the present controversy. The reasons for this conclusion can be gleaned directly from the *Corwin* decision itself. First, the decision emphasized

that the first inquiry in addressing a petition for remand is whether the case was properly removed, with any doubts resolved in favor of remand. *Corwin Jeep Sales,* 670 F.Supp. at 592. Central to that inquiry is the question of whether the district court would have had original jurisdiction over the matter. *Id.* There, the action consisted of a contract dispute between two parties and was not limited to a question of whether the Act itself was violated. Thus, it was the sort of dispute that Section 20(a) of the Act specifically allows to be litigated in a court of competent jurisdiction without resorting to administrative remedies first. *See id.* at 594–95.

▪ In the present controversy, the action consists of a Rule to Show Cause issued by the Board itself pursuant to its regulatory and disciplinary duties, as specifically permitted under Section 4 of the Act. It is irrefutable that General Motors, as a manufacturer of automobiles, cannot distribute automobiles in Pennsylvania without first acquiring a license from the Board, as required by Section 5(a) of the Act. It is also unquestioned that General Motors must comply with the limitations on manufacturer activities set forth in the Act and the regulations promulgated by the Board pursuant to its authority under the Act. Finally, it is irrefutable that the Board is vested with the power to investigate its licensees, either unilaterally or at the behest of private complainants, and may dispense such disciplinary measures as fines and suspension of licenses. *See* Section 4(3) and 4(4) of the Act.

Thus, the Rule issued against General Motors amounts to a summons to a licensee to come before the Board so that the Board can continue its investigation into the complaint against the licensee. This court has no parallel authority to issue licenses, investigate, or summon an automobile manufacturer before it to answer questions about its activities within the Commonwealth. In short, this court would not have had original jurisdiction over the matter at

hand and, therefore, removal was improper.[1]

Thus, without even applying the functional test, the court finds it must grant the petition to remand. For the sake of completeness, however, the court notes that the factors supporting the finding that it would not have had original jurisdiction over this matter also compel a finding that, under the functional test, the Board is acting in its regulatory and administrative capacity rather than as a court in this instance. In *Corwin,* the court acknowledged that the fact that an agency functions as a court in one set of circumstances does not render all its actions those of a court. Referring to the *Floeter* decision, this court wrote:

> However, the [*Floeter*] court cautioned that it based its decision only on the facts of the case before it, and that "[o]ther actions brought before the agency may involve different state and federal interests, or a different agency role, and a weighing of the competing interests in those cases might well result in a determination that those cases [could] not be properly removed."

*Corwin,* 670 F.Supp. at 594 (quoting *Floeter,* 597 F.2d at 1102.

Thus, the *Corwin* decision forewarned that its holding was narrowly tailored to the facts before it and should be strictly construed. There, the court was presented with a dispute over termination of a contract between the manufacturer and dealer, which would require interpretation of the contract and the application of contract law. Here, the Board is investigating whether the manufacturer violated prohibitions of the Act and should be subjected to discipline. On these facts, the Board is acting in its regulatory and administrative capacity. Moreover, on these facts, the court can not say that it has an equal or greater interest in asserting the disciplinary authority vested in the Board over

---

1. Of course, General Motors has a right to appeal the Board's decision on the dealer complaint to a court of competent jurisdiction, *see* Section 7 of the Act, at which time, provided the amount in controversy requirement was satisfied, diversity jurisdiction might lie.

automobile manufacturers and distributors.[2]

Finally, the court believes that the result in this case defers not only to the principles underlying removal jurisdiction but also to the doctrine of primary jurisdiction, which is concerned with the fostering of proper coordination between regulatory agencies and the courts. *Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 736 (3d Cir.1983). The doctrine is implicated when both courts and regulatory agencies share decision-making responsibility over an area of law. As such, it calls for abstention on the part of the court when "protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id.* (quoting *United States v. Philadelphia Nat'l Bank,* 374 U.S. 321, 353, 83 S.Ct. 1715, 1736, 10 L.Ed.2d 915 (1963)). Thus, when the court is presented with issues that have been placed within the special competence of an administrative body pursuant to a regulatory scheme, the judicial process should be suspended pending initial resolution by the administrative body. *See Delta Traffic Service v. Occidental Chem. Corp.,* 846 F.2d 911, 913 n. 3 (3d Cir.1988). There is no doubt that the court must remand the action. In view of the court's remand, defendant's motion for summary judgment in this action is a nullity.

---

**2.** In *Corwin,* there may have been violations of the Act in addition to the contract dispute and the court emphasizes at this juncture that its decision to exercise jurisdiction over the contract dispute should not be read as having precluded the Board's initiation of investigatory or disciplinary proceedings for violations of the Act. Similarly, the holding in *Corwin* does not support removal to federal court where the plaintiff has brought an action against defendant purely on the grounds of a statutory violation under the Act. The result in *Corwin* was predicated on the fact that there was a contract dispute to be resolved.