EL MUNDO, INC., peticionaria, *v.* JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandada.

*Número:* JRT-65-7      *Resuelto:* 26 de noviembre de 1965

*Fiddler, González & Rodríguez* y *Juan R. Torruella del Valle,* abogados de la peticionaria; *J. B. Fernández Badillo, Procurador General, Luis M. Rivera Pérez, Celia Canales de González* y *Marta Ramírez de Vera,* abogados de la demandada.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

### SENTENCIA

El Mundo, Inc. ha solicitado que revisemos una Decisión de la Junta de Relaciones del Trabajo (D-391) que le ordenó: (1) cesar y desistir de en manera alguna violar los términos de un Convenio Colectivo firmado con la Puerto Rico Newspaper Guild, Local 225; y (2) tomar acción afirmativa (a) accediendo a arbitrar la controversia surgida por razón del despido del empleado Julio César López de acuerdo con el Art. VII del Convenio Colectivo y (b) fijando en sitios conspicuos de su negocio el aviso al respecto determinado por la Junta unido a su Decisión.

Impugna El Mundo, Inc. dicha Orden (1) porque la Junta de Relaciones del Trabajo carece de jurisdicción para entender en el asunto siendo El Mundo una industria en el comercio interestatal; (2) porque no se agotaron los remedios administrativos fijados en el Convenio Colectivo antes de la radicación del cargo de práctica ilícita; y (3) porque fue error concluir que El Mundo violó la Sec. 8(1)(f) de la Ley de Relaciones del Trabajo de Puerto Rico.

No tiene razón la peticionaria en ninguno de sus tres planteamientos. El cargo y la querella imputaron la violación de un convenio colectivo como práctica ilícita bajo nuestra Ley de Relaciones del Trabajo. Ya hemos dicho que la violación de un convenio colectivo no está sancionada como práctica ilícita en la legislación federal de Relaciones Obrero-Patronales. El hecho de que la legislación federal conceda por dicha violación una acción en daños—Sec. 301, Ley Taft-Hartley—y que esa acción en daños sea de la competencia de las cortes, ya federales o ya estatales, no impide que nuestra Junta de Relaciones del Trabajo como organismo administrativo conozca bajo nuestra Ley de tal violación como práctica ilícita. Esta cuestión está ya claramente resuelta por este Tribunal. *P.R. Telephone* v. *J.R.T.*, 92 D.P.R. 257 (1965); *P.R. Telephone* v. *Junta Rel. Trabajo*, 86 D.P.R. 382; *Junta Rel. del Trabajo* v. *I.L.A.*, 73 D.P.R. 616.

■ La prueba sostiene la conclusión del oficial examinador hecha suya por la Junta al efecto de que la peticionaria se negó a someter a arbitraje la controversia que estaba ya en el seno del Comité de Quejas y Agravios creado por el Convenio Colectivo. La evidencia demuestra que este Comité no sólo nunca se puso de acuerdo en cuanto a la controversia en sí, sino que aun tampoco en cuanto a la sumisión y manera de considerarla. Se trata de un despido. El empleado y la Unión dieron los pasos necesarios según el Convenio para llevar el asunto hasta el seno del Comité de Quejas y Agravios. Este Comité venía obligado a resolver dentro de 72 horas y por el contrario tuvo el asunto ante sí sin poder ponerse de acuerdo en nada ni llegar a los méritos del asunto, desde el 20 de febrero hasta marzo 18 de 1964. Procedía entonces que se designara un árbitro de mutuo acuerdo a lo cual se opuso la peticionaria porque el asunto aún no había sido considerado en los méritos por el Comité de Quejas y Agravios. (Minuta de 10 de marzo de 1964.) No puede decir ahora que no se agotaron los medios convencionales.

En virtud de lo anteriormente expuesto, no proceden las impugnaciones hechas por la recurrente El Mundo, Inc. a la referida Decisión y Orden (D-391) de la Junta de Relaciones del Trabajo de Puerto Rico de 9 de junio de 1965, y en su consecuencia se declara sin lugar el recurso.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario Interino*