**CALIFORNIA PACKING CORP.,**
Complainant,

v.

**I.L.W.U. LOCAL 142, Respondent.**

**Herbert H. TANIGAWA, Hearings Officer, for and on Behalf of the Hawaii Employment Relations Board, Petitioner,**

v.

**INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION LOCAL 142, Respondent.**
Civ. Nos. 2529, 2530.

United States District Court
D. Hawaii.
May 10, 1966.

L. H. Silberman, Honolulu, Hawaii, for California Packing Corp., complainant.

Herbert H. Tanigawa, Hawaii Employment Relations Board, Honolulu, Hawaii, for petitioner.

Edward H. Nakamura, Honolulu, Hawaii, Bouslog & Symonds, Honolulu, Hawaii, of counsel, for respondents.

TAVARES, District Judge.

Late in April of this year California Packing Corporation (C.P.C.) brought a complaint before the Hawaii Employment Relations Board (H.E.R.B.) alleging that International Longshoremen's & Warehousemen's Union Local 142 (I.L.W.U.) was guilty of unfair labor practices in that the union caused a strike in violation of the "no strike pledge" of the collective bargaining agreement in force between those parties.

The H.E.R.B. conducted an investigation and, finding that there was reasonable cause to believe that the union had caused a strike in violation of its agreement with C.P.C. and in violation of Hawaii law pertaining to strikes, the H.E.R.B. petitioned the First Circuit Court of the State of Hawaii for a temporary restraining order and an order to show cause why an injunction should not be granted against the striking union. The Hawaii court granted a temporary restraining order and issued an order to show cause. Thereupon the union purported to remove the H.E.R.B.'s action to this Court, and in a separate action purported to remove to this Court C.P.C.'s complaint before the H.E.R.B. Having completed the formalities of the removal process, the union then moved to dismiss both actions on the ground that this Court does not have jurisdiction to grant the relief sought by C.P.C. and the H.E.R.B.

C.P.C. and the H.E.R.B. move to remand, contending that the actions were improvidently removed, and that in any event, this Court lacks jurisdiction to proceed.

This Court observes at the outset that the authorities uniformly emphasize that doubts must be resolved against removal, and that the burden is on the party attempting removal to justify the grounds for it.

It is also very clear that the attempt to remove C.P.C.'s action before the H.E.R.B. is wide of the mark. The entire series of code sections dealing with removal refer only to removal from state courts, and not to removal from administrative bodies. 28 U.S.C. § 1441, entitled

"Actions Removable Generally," refers only to " * * * any civil action brought in a State court * * *." 28 U.S.C. § 1446, entitled "Procedure for Removal," provides:

> "(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court * * *."

28 U.S.C. § 1447 is replete with references to removal from a State court, and plainly does not contemplate procedures involving administrative bodies.

■ One district court case, Tool & Die Makers, etc. Association of Machinists v. General Electric Company X-Ray Department, (E.D.Wis.1959) 170 F. Supp. 945, which stands alone, permits removal of a matter pending before the Wisconsin Employment Relations Board. That court cited no other removal cases, and the reasoning of the reported opinion (see pages 950–951) appears to this Court to be strained. Furthermore, that case was decided prior to several important decisions on the subject of removal of labor cases, such as Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440, and American Dredging Company v. Local 25, (3 Cir. 1964) 338 F.2d 837, and it may well be that the Wisconsin court would now reach a different result in the light of these later decisions of the higher courts. Therefore, it is the opinion and conclusion of this Court that the motion of C.P.C. to remand must be granted.

■■ With regard to the removal of the H.E.R.B.'s Circuit Court action, although there is some division of authority, the great majority of the cases have decided, and this Court concurs, that to permit removal purely for the purpose of dismissing the action so removed, is an exercise in futility. Further, a cause can be removed only if the district court would have had original jurisdiction of the matter, and it is abundantly clear that the Norris-LaGuardia Act deprived the district courts of their jurisdiction over labor litigation in which an injunction is sought.

The union's position here is that § 301 of the Labor Management Relations Act of 1947 (29 U.S.Code § 185) gives this Court jurisdiction of the "subject matter" of the labor dispute, but that the Norris-LaGuardia Act requires its dismissal. But as Judge Kalodner, speaking for the majority, said in American Dredging Co. v. Local 25, etc. (3 Cir. 1964) 338 F.2d 837, 842:

> "To say then that a District Court has *subject matter jurisdiction* of a cause of action, so as to authorize it to *take cognizance* of it under the provisions of the Removal Statute, when it does not in the first place have jurisdiction to entertain and decide it upon its merits, is to give sanction to an exercise in futility."

In the litigation involving Richman Brothers Co. v. Amalgamated Clothing Workers of America, 114 F.Supp. 185, (D. Ohio 1953) Reconsideration denied, 116 F.Supp. 800; 348 U.S. 311, 75 S.Ct. 452, 99 L.Ed. 600 (1955), the union had attempted to remove the employer's state action for an injunction; following remand by the United States District Court, the union filed suit in the same district court, requesting that the Court enjoin the employer from continuing its action in the state court: The union claimed that the district court had original jurisdiction of the action, contending that the employer's complaint in the state court alleged, in effect, a violation of the Taft-Hartley Act. The majority opinion was written by Justice Frankfurter, at a time when § 301 of the Labor Management Relations Act was in full force and effect. In view of the key role played by Justice Frankfurter in obtaining passage of the Norris-LaGuardia Act, one would certainly expect him to have given voice to some expression of opinion regarding any possible repeal of the Norris-LaGuardia Act by § 301, if in fact any such effect was intended. On the contrary, the decision of the Supreme Court was that the district court had no jurisdiction to enjoin the state action.

Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 203, 82 S.Ct. 1328, 1333 (1962) squarely decided:

"* * * that § 301 was not intended to have any such partially repealing effect upon such a long-standing, carefully thought out and highly significant part of this country's labor legislation as the Norris-LaGuardia Act."

The Norris-LaGuardia Act was deliberately phrased in such a way that the district courts were to be deprived of jurisdiction in cases of this type. Congress believed that the district courts had previously managed to evade congressional policies through various feats of judicial reasoning, and therefore the Congress took away completely the power of the district courts to entertain such litigation at all.

See 1A Moore's Federal Practice 1,004-1,005 Second Edition, § 0.167(7):

"The majority view, which we believe is sound, is that the federal district court must remand suits requesting injunctive relief that is beyond the federal court's original jurisdiction, even when the action couples a prayer for damages, and even when the federal court believes that the state court lacks jurisdiction."

Although time has not permitted this Court to make an exhaustive search of the authorities on this point, it has examined the following decisions which are illustrative, and which are in accord with the action taken here: Associated Telephone Co. v. Communication Workers of America, (S.D.Cal.1953) 114 F.Supp. 334; Food Basket, Inc. v. Amalgamated Meat Cutters, (W.D.Ky.1954) 124 F.Supp. 463; Castle & Cooke Terminals v. Local 137, I.L.W.U., (D.Haw.1953) 110 F.Supp. 247; Direct Transit Lines v. Starr, (6 Cir.1955) 219 F.2d 699; Lock Joint Pipe Company v. Anderson, (W.D.Mo.1955) 127 F.Supp. 691; Nat Corporation v. United Hatters (D.Conn.1953) 114 F. Supp. 290; Gwaltney Brothers v. Marion County Building Trades Council, (S.D. Ind.1959) 175 F.Supp. 790; American Optical Co. v. Andert, (W.D.Mo.1952) 108

F.Supp. 252; Dynamic Manufacturers v. Local 614 (E.D.Mich.1952) 183 F.Supp. 631; Sandsberry v. Gulf, C. & S. F. Ry. Co. (N.D.Tex.1953), 114 F.Supp. 834; Merchants Refrigerating Co. v. Warehouse Union (N.D.Cal.1963) 213 F.Supp. 177.

Accordingly, the motion of the H.E. R.B. for remand is also hereby granted.