**STAR PUBLISHING CORP., Petitioner,**

v.

**PUERTO RICO NEWSPAPER GUILD, AFL–CIO, Puerto Rico Labor Relations Board, Respondents.**

**Civ. No. 47–69.**

United States District Court
D. Puerto Rico at San Juan.

Sept. 25, 1969.

Juan F. Doval, Baragaño, Trias, Saldaña & Francis, San Juan, P. R., for petitioner.

Francisco Aponte-Perez, Santurce, P. R., for P. R. Newspaper Guild, etc.

Jose F. Rodriguez Rivera, Acting Sol. Gen., Celia Canales de González and Marta Ramírez de Vera, San Juan, P. R., for P. R. Labor Relations Board, Dept. of Justice.

### REMAND ORDER

FERNANDEZ-BADILLO, District Judge.

This case arises out of an amended charge filed by the Puerto Rico Newspaper Guild, AFL–CIO, complainant, before the Puerto Rico Labor Relations Board alleging that Star Publishing Corp., d/b/a The San Juan Star, respondent herein, has engaged and is engaging in unfair labor practices within the meaning of the Puerto Rico Labor Relations Act, 29 L.P.R.A. § 61 et seq., in that it has violated the collective bargaining agreement in force between the parties by refusing to arbitrate whether the dismissal of newspaper woman Grace Cali is arbitrable or not. The Board issued a formal complaint against respondent and a notice of hearing set for January 21, 1969 was mailed to the parties.

On January 20, 1969 respondent Star Publishing Corp. removed the action to this Court and on February 12, 1969 both the complainant union and the Board filed motions to remand. Having completed the removal procedure respondent brought a motion to dismiss alleging among other grounds that the claim is not subject to the jurisdiction of the Puerto Rico Labor Relations Board but rather that it is within the exclusive jurisdiction of the National Labor Relations Board and the remedies granted by the Labor Management Relations Act have not been exhausted. The Court has carefully considered the briefs filed by the parties and has come to the conclusion that the case must be remanded to the Board.

The Puerto Rico Labor Relations Board is an administrative agency that lacks the power to enforce its own orders but must petition the Supreme Court of Puerto Rico for their enforcement. The Supreme Court has the power to enter a decree "enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the Board." 29 L.P.R.A. § 70.

This Court follows the view expressed in California Packing Corp. v. I.L.W.U. Local 142, 253 F.Supp. 597 (D. C.Hawaii, 1966) to the effect that removal from administrative bodies is not contemplated by the removal statute. It is also in agreement with the words quoted therein from the case of American Dredging Co. v. Local 25, 338 F.2d 837, 842 (3rd Cir. 1964) with regard to permitting removal for the purpose of dismissing the action so removed:

"To say then that a District Court has *subject matter jurisdiction* of a cause of action, so as to authorize it to *take cognizance* of it under the provisions of the Removal Statute, when it does not in the first place have jurisdiction to entertain and decide it upon its merits, is to give sanction to an exercise in futility."

Accordingly, it is now ordered that the motions of complainant union and of the Puerto Rico Labor Relations Board, be, and the same are hereby sustained and the cause is remanded to said agency as not properly removable to this Court.

It is further ordered that the Clerk this day serve a certified copy of this Order of Remand by mail upon the President of the Puerto Rico Labor Relations Board in accordance with 28 U.S.C. Section 1447(c).