**VOLKSWAGEN de PUERTO RICO,**
**Plaintiff,**

v.

**LABOR RELATIONS BOARD OF PUERTO RICO and Asociacion Insular De Guardianes, Independiente, Defendants.**

**Civ. No. 249-70.**

United States District Court,
D. Puerto Rico.
Dec. 31, 1970.

McConnell, Valdes, Kelley & Sifre, by Radamés A. Torruella, San Juan, P. R., for plaintiff.

Edwin Tyler Albizu, San Juan, P. R., for Dept. of Justice of the Commonwealth of Puerto Rico.

Marta Ramirez de Vera, Santurce, P. R., for the Puerto Rico Labor Relations Bd.

## OPINION AND ORDER

CANCIO, Chief Judge.

This is an action in which Plaintiff seeks a declaratory judgment stating that section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a), deprives the Puerto

Rico and Associación Insular de Guardi referred to as the Board of jurisdiction over suits alleging the violation of collective bargaining agreements between labor unions and employers affecting commerce, based on the theory that such jurisdiction may only be vested in a state body from which there may be removal to a United States-District Court.

Plaintiff also requests this Court in aid of its jurisdiction for a temporary restraining order to stay the proceedings before the Board in Case CA–4140, in the matter of Volkswagen de Puerto Rico and Asociación Insular de Guardianes de Puerto Rico, Independiente, until the Court resolves this Declaratory Judgment suit.

The Board issued a Resolution staying said proceedings, making moot Plaintiff's request.

Within the period to answer complaint, the Board filed a Motion to Dismiss this Declaratory Judgment suit alleging that the Court lacks jurisdiction over the subject matter to entertain the declaratory judgment sought by Plaintiff. The hearing on this Motion was held July 31, 1970.

Based on the arguments and the briefs duly filed by the parties before this Court, we make the following

## CONCLUSIONS

The Board's proceeding in case CA–4140, supra, is an administrative investigation of a complaint of unfair labor practices under section 8(1) (f) of the Puerto Rico Labor Relations Act, 29 L. P.R.A. § 69(1) (f), which makes the violation of a collective bargaining agreement an unfair labor practice. The Board's jurisdiction over the unfair practice of violation of collective contract with respect to parties engaged in interstate commerce has been recognized by the Puerto Rico Supreme Court: El Mundo, Inc. v. PRLRB, 62 LRRM 2184, 92 PRR 834 (1965), certiorari denied 384 U.S. 932 (1966); Cadillac Uniform Linen Supply v. PRLRB, decision issued in Dec. 10, 1969; Beaunit v. PRLRB, 93 PRR 509 (1966); Puerto Rico Telephone Co. v. PRLRB, 86 PRR 382 (1962); PRLRB v. ILA, 73 PRR 616 (1952).

In PRLRB v. ILA, supra, the Supreme Court of Puerto Rico recognized the Board's jurisdiction over this matter based in that the violation of a collective bargaining contract is not regulated as an unfair labor practice under the Labor Management Relations Act of 1947. The Puerto Rico Supreme Court declared that Congress, in giving the federal courts authority to entertain a suit for violation of a collective bargaining contract under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), had not expressed preemption of the field of such a violation as to oust state regulation; Section 301 merely vested the federal courts with authority to entertain a suit for damages for violation of a contract, which suit was in the nature of private rights as distinguished from unfair labor practice proceedings which essence is different. The nature of the Board's function to prevent and to remedy unfair labor practices is in pursuance of public rights and public policy, and not in the nature of private rights as are actions under section 301.

The ruling made in 1952 by the Puerto Rico Supreme Court in the *ILA* case, supra, that the power of the federal courts over breaches of collective contracts under section 301(a) is not exclusive, was affirmed by the United States Supreme Court in Charles Dowd Box Company, Inc. v. Courtney et al., 368 U. S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), putting to rest the controversy. The Puerto Rico Labor Relations Act, by Mr. Fred Barela, p. 181.

In *Charles Dowd Box Co.*, supra, the court interpreted that the "purpose of conferring jurisdiction upon federal courts was not to displace, but to supplement, jurisdiction of state courts over these contracts and such purpose accords with historic acceptance of concurrent state and federal jurisdiction over cases

arising under federal law. On its face section 301(a) simply gives the federal district courts jurisdiction over suits for violation of certain specified types of contracts. The statutes does not state nor even suggest that such jurisdiction shall be exclusive. It provides that suits of the kind described 'may' be brought in the federal district courts, not that they must be." "The legislative history of the enactment nowhere suggests that, contrary to the clear import of the statutory language, Congress intended in enacting section 301(a) to deprive a party to a collective bargaining contract of the right to seek redress for its violation in an appropriate state tribunal."

The *ILA* and *Charles Dowd* rulings were followed by the Puerto Rico Supreme Court in P. R. Telephone Co. v. PRLRB, supra, where the Court stated that section 301(a) of the Labor Management Relations Act of 1947, 29 U.S. C. § 185(a), "does not deprive state courts or agencies of jurisdiction in actions for breach of contract. The jurisdiction is concurrent."

And in the *El Mundo* case, supra, the Puerto Rico Supreme Court expressed:

We have already stated that the violation of a collective agreement is not sanctioned as and unfair labor practice in the federal legislation of labor-management relations. The fact that the federal legislation grants for said violation, an action for damages —Section 301, Taft-Hartley Act—and that action for damages is within the jurisdiction of the courts, whether federal or state, does not preclude our Labor Relations Board as an administrative agency from taking cognizance under our Act of such a violation as an unfair practice. This question has already been clearly decided by this Court. Puerto Rico Telephone Co. v. Labor Relations Board, —— P.R.R. ——, decided April 13, Labor Relations Board v. I.L.A. 73 PRR 568.

In Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), an action under section 301, su-pra, the Court refused to apply the preemption doctrine established in San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, and like cases and ruled that the jurisdiction of the National Labor Relations Board to deal with unfair labor practice which also violate a collective bargaining contract, is not displaced by section 301, but it is not exclusive and does not destroy jurisdiction of courts in suits brought under section 301. "Section 301(a) permits suits for breach of a collective bargaining agreement regardless of whether the particular breach is also an unfair labor practice within the jurisdiction of the NLRB." Vaca v. Sipea, 64 LRRM 2369, 385 U.S. 895, 87 S.Ct. 199, 17 L.Ed.2d 129.

In American Motors Corp. v. Wisconsin Employment Relations Board, 32 Wis.2d 237, 145 N.W.2d 137, 1966, following Tecumseh Products Co. v. Wisconsin Employment Relations Board, 23 Wis.2d 118, 126 N.W.2d 520, the Supreme Court of Wisconsin, ruled that the state labor board could assume jurisdiction over disputes of breach of collective contract, provided it applies federal law in accordance with Section 301, as ruled in Textile Workers Union v. Lincoln Mills of Ala. (1957) 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972. The Court analyzed that the method of enforcing collective agreements by the Wisconsin Board, [as well as by the Puerto Rico Labor Relations Board among other state boards,] was in force before section 301(a) was enacted. Therefore, it concluded that when Congress rejected the handling of violations of collective contracts as unfair practices by the National Labor Relations Board and enacted section 301(a) of the Labor Management Relations Act of 1947, it left the enforcement of such contracts to the usual processes of the law and did not foreclose state administrative action in this area. Concurrent state-federal jurisdiction over violations of collective contracts include state courts and agencies, for states are free to allocate judicial power between courts and agencies.

A state is free to allocate judicial power within its own boundaries as it sees fit, without contravening any federal interests: Tecumseh Products Co. v. Wisconsin Employment Relations Board, supra, following Dreyer v. Illinois, 187 U.S. 71, 23 S.Ct. 28, 47 L.Ed.2d 79.

■ In cases of concurrent power over commerce, state law remains effective so long as Congress has not manifested an unambiguous purpose that it should be supplanted. Algoma Plywood & Veneer Co. v. Wisconsin Employment Relations Board (1949) 336 U.S. 301, 69 S.Ct. 584, 93 L.Ed. 691.

In Alcoa Steamship Company v. Vélez, 376 F.2d 521 (1967), our circuit decided that the Puerto Rico Workmen's Accident Compensation Act was inapplicable to seamen employed in continental United States and working temporarily in navigable territorial waters of Puerto Rico as crew members of vessels owned by firms incorporated in the States. The said decision was based in that the seamen involved were insured under the federal maritime law and the field is regulated by the generally accepted law of the flag.

The said case is not applicable to the case before this court because the regulation of the subject matter in this case is not covered or preempted by any federal law or uniform policy.

■ As federal labor contract law does not give exclusive jurisdiction to federal district courts under 29 U.S.C. § 185(a) over breaches of collective bargaining contracts, but permits its enforcement by the states, the local Board has jurisdiction over the subject matter in this case.

The regulation by the Commonwealth of Puerto Rico of a violation of a collective bargaining agreement is not barred by the jurisdiction of the National Labor Relations Board nor by 29 U.S.C. § 185(a). By the Puerto Rican Federal Relations Act, 64 Stat. 319, 320, effective July 1952,—in the nature of a compact—Congress agreed with the Commonwealth of Puerto Rico that the Commonwealth will have absolute authority to regulate its local matters.

■ The unfair practice proceeding before the Board seeks to vindicate the public policy of the Commonwealth of Puerto Rico in relation to collective bargaining agreements, as stated in the Puerto Rico Labor Relations Act, 29 L. P.R.A. § 62 et seq., which empowers the Board to prevent unfair labor practices and conduct investigations of its charges to promote industrial peace.

In its Section 1—Declaration of Principles—the Puerto Rico Labor Relations Act, as amended, states that "The public policy of the Government of Puerto Rico as to employment relations and collective bargaining is declared to be as follows:

"(1) It is a fundamental necessity of the people of Puerto Rico to develop its production to the maximum in order to establish the highest possible living standards for the ever-growing population; it is the obligation of the Government of Puerto Rico to adopt such measures as may be conducive to a maximum development of this production and remove the threat that a day might come when, with the continuous increase in the population and the impossibility of maintaining an equivalent increase in production, the people must confront, a hopeless catastrophe; and it is the aim of the Government to develop and maintain such production through the comprehension and education of all the elements composing the people as regards the fundamental necessity of raising production to the limit and of distributing this production as equitably as may be possible; and it is likewise the purpose of the Government to develop in practice the principle of collective bargaining, in such a manner that the basic problem of the necessity for maximum production can be solved.

(2) Industrial peace, adequate and regular salaries for the employees, and uninterrupted production of goods and services by means of collective bargaining, are essential factors for

the economic development of Puerto Rico. The achievement of these objectives depends to a large extent upon fair, friendly and mutually satisfactorily relations between employers and employees, and upon the availability of adequate means for the peaceful solution of employer-employee controversies.

(3) By means of collective bargaining, terms and conditions of employment are to be established. For the purpose of such bargaining employers and employees shall have the right of forming organizations of their own choosing.

(4) It is the policy of the Government to eliminate the causes of certain labor disputes, by developing the practices and proceedings of collective bargaining and by establishing an adequate, efficient, and impartial tribunal which will carry out this policy.

(5) All existing collective bargaining contracts, as well as those hereafter executed, are hereby declared to be instruments for the promotion of the public policy of the Government of Puerto Rico in its efforts to develop production to the maximum; and it is declared that as such they are vested with a public interest. The exercise of the rights and the performance of the obligations by the parties to such collective bargaining contracts are therefore subject to such reasonable regulations as may be necessary to effectuate the public policies of this subchapter."

The actions by the Board under Sections (1) (f) or 2(a) of Article 8 of the Puerto Rico Labor Relations Act, 29 L. P.R.A. § 69(1) (f) and 2(a), which make the violation of a collective bargaining agreement an unfair labor practice, seek to vindicate the public policy of the Commonwealth of Puerto Rico with respect to collective bargaining agreements.

In the complaint in this case Plaintiff alleges that the jurisdiction of this Court is founded upon a federal question in that this suit involves an interpretation of 29 U.S.C. § 185(a).

The action before the Board does not deprive Plaintiff of any federal right, for the right to removal granted by federal legislation under 28 U.S.C. § 1441(a) applies only to civil actions from state *courts*. The fact that the Board's action is not subject to removal to the Federal District Court, as ruled in Star Publishing Corp. v. Puerto Rico Newspaper Guild, 303 F.Supp. 760 (1969), does not affect the Board's jurisdiction over the subject matter in this case, which is concurrent among the Board and the federal courts with respect to violations of collective contracts. Concurrent jurisdiction of tribunals over a subject matter only gives a choice to a suitor to sue in one of those forums. The choice belongs to the suitor, and not to the defendant.

A defendant is entitled to have a suit removed to the proper federal court as a matter of right on complying with the conditions prescribed by the act of Congress. Therefore, there is no such a right with respect to proceedings before the Board, which are not removable to the Federal District Court under 28 U. S.C. § 1441.

In the Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), the Supreme Court of the United States resolved that the suit for violation of labor contract was removable from a state court to a federal court. This case followed the *Charles Dowd Box Co.* ruling, supra, recognizing the concurrent jurisdiction of state and federal courts over suits for violation of collective contracts and the decision in Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) with respect to removal of those actions from state to federal courts.

As the *Boys Markets* case was originated in a state court, it is not relevant to the case at bar.

## DECISION AND ORDER

The regulation by the states of the subject matter in this case—the violation of collective bagaining contracts—is not prohibited by the jurisdiction conferred to the National Labor Relations Board or to the District Courts of the United States under the Labor Management Relations Act of 1947, and Congress concededly permits its regulation by the states. The jurisdiction is concurrent: Charles Dowd Box Co. v. Courtney, supra.

Wherefore, and as the states may allocate its powers among its courts and agencies, the Board's jurisdiction over the subject matter in this case is not against federal labor law or policy. The ruling of the ILA case, supra, issued by the Supreme Court in 1952, is in full force and effect as of today, as it has been confirmed by federal and local decisions issued afterwards. 29 U.S.C. § 185(a) does not deprive state courts or agencies of jurisdiction in actions for breach of collective bargaining contracts.

The regulation by the Board of the subject matter in this case is in the nature of public rights or policy, under 29 PRCA 61 et seq., to promote industrial peace at an administrative level. The jurisdiction over it is conferred upon the Board under the political power reserved and belonging to the Commonwealth of Puerto Rico under the Federal Relations Act.

Plaintiff's interpretation of 29 U.S.C. § 185(a), that the Board's action affects its right to remove the case to the federal courts, does not raise a substantial federal question, for the right to removal to the federal courts is purely statutory and does not contemplate the removal from administrative agencies, but is limited to civil actions from state courts.

The civil actions subject to the Federal Courts under 29 U.S.C. § 185(a) are among private parties and in pursuit of the damages caused by a breach of collective contract.

Concurrent jurisdiction among tribunals does not imply the right of a defendant to remove an action within those forums but it only gives a suitor a choice among tribunals in which to sue. Therefore, the Board's action has not deprived Plaintiff of any federal right, specifically of any right of removal under 28 U.S.C. § 1441.

The Board under section 8(1) (f) of the Puerto Rico Labor Relations Act, 29 L.P.R.A. § 69(1) (f), has granted damages to the employer or the labor union whose collective bargaining agreement has been violated, in the case of International Longshoremen Association, D–545 (1969), and in the case of Unión de Trabajadores de la Autoridad Metropolitana de Autobuses, D–386 (1965). Apparently this will support plaintiff's contention since they ask the protection of this Court against the imposition of damages which is one of the Federal remedies awarded by this Court. Perhaps we may not agree with the Board as to their right to award damages. But that is of the Board's premise in first instance. If the plaintiff believes that the law does not empower the Board—or cannot constitutionally empower the Board—to award damages under the local law, this is a matter to be decided not by this Court today, but by the corresponding forum if a revision is properly taken from the Puerto Rico Labor Relations Board's decisions, if it were necessary.

Plaintiff's petition for a declaratory judgment and injunction is therefore dismissed.

It is so ordered.