PRADCO CARIBE, INC., querellada y recurrente, *v.* LUIS RAÚL TAPIA y la JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, querellantes y recurrida la segunda.

*Número:* O-83-765 *Resuelto:* 14 de febrero de 1985

122

*Lawrence Odell,* de *Colorado, Martínez, Odell, Calabria & Sierra,* abogado de la recurrente; *Leticia Rodríguez García,* abogada de la recurrida.

El Juez Asociado Señor Irizarry Yunqué emitió la opinión del Tribunal.

 Se plantea en el presente recurso si puede la Junta de Relaciones del Trabajo de Puerto Rico retener jurisdicción en un cargo por práctica ilícita del trabajo contra un patrono dedicado al comercio interestatal en Puerto Rico, consistente dicho cargo en haber discriminado contra su empleado por haber éste presentado ante dicha Junta un previo cargo por violación de un derecho protegido por un convenio colectivo. Resolvemos que el hecho de que la Junta local tenga jurisdicción para entender en el cargo por violación del convenio no la

autoriza a también mantener jurisdicción en el subsiguiente caso de práctica ilícita, asunto que compete a la jurisdicción exclusiva de la Junta Nacional de Relaciones del Trabajo.

I

El 24 de agosto de 1982 el empleado de Pradco Caribe, Inc., Sr. Luis Raúl Tapia, formuló ante la Junta de Relaciones del Trabajo de Puerto Rico, contra dicho patrono, un cargo por práctica ilícita basado en la alegada violación de la cláusula de antigüedad del convenio colectivo vigente. Posteriormente el querellante adujo ante la Junta que con motivo de haber acudido ante ella y haber prestado declaración en cuanto a la alegada violación del convenio, el patrono Pradco discriminó contra su tenencia del empleo. En consecuencia la Junta expidió querella contra Pradco en la que le imputó la práctica ilícita reconocida en el Art. 8(1)(h) de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 69(1)(h), que dispone:

> (1) Será práctica ilícita de trabajo el que un patrono, actuando individualmente o concertadamente con otros:

> . . . . . . . .

> (h) Despida o discrimine de otra manera contra un empleado porque haya radicado cargos o haya suministrado información o testimonio bajo las disposiciones de [esta ley].

Pradco impugnó la jurisdicción de la Junta y solicitó la desestimación de la querella. Se basó en que es una empresa dedicada a la fabricación de artículos electrónicos en el comercio interestatal([1]) y que la jurisdicción exclusiva sobre el asunto corresponde a la Junta de Relaciones del Trabajo fede-

---

([1]) Adujo ser una empresa ubicada en Maunabo, Puerto Rico, que realizó en su último año fiscal ventas, no al detal, que exceden de $8,053,675, ventas de su producto a Estados Unidos montantes a no menos de $7,774,484, y compras de materia prima a suplidores estadounidenses que ascienden a $1,560,287, lo cual acreditó mediante declaración jurada de su presidente y estado financiero certificado para los años de 1981 y 1982, que acompañó a su moción de desestimación.

ral, creada por la *National Labor Relations Act,* 29 U.S.C. sec. 141 y ss. La Junta denegó su solicitud y Pradco recurrió a este Tribunal.

## II

■ No hay controversia en cuanto a la jurisdicción de la Junta federal sobre la práctica ilícita imputada al patrono Pradco, por tratarse de una empresa dedicada al comercio interestatal, pues su volumen de negocios([2]) la coloca dentro de los requisitos jurisdiccionales que a tal fin ha establecido dicha Junta. Véase *The Developing Labor Law,* 2da ed., págs. 1495–1497 (Morris ed. 1983).

La posición de la Junta de Relaciones del Trabajo de Puerto Rico es que al tener jurisdicción para adjudicar el cargo por violación del convenio colectivo, aunque se trate de un patrono dedicado al comercio interestatal, conserva su jurisdicción para entender en la práctica ilícita que se originó como consecuencia de dicho cargo. Aduce que reconocer como práctica ilícita el discrimen contra el empleado por haber instado cargos u ofrecido información o testimonio persigue el propósito de proteger sus fuentes de información y así poder llevar a cabo su función de tutelar las relaciones obrero-patronales y hacer que se logre la política pública laboral de Puerto Rico. Esta posición, sin embargo, no supera el escollo de que, en cuanto a dicha práctica ilícita respecta, el campo está ocupado por la ley federal.

A diferencia de la práctica ilícita basada en violación de convenio, que no está reconocida como tal por la ley federal —*Junta Rel. del Trabajo* v. *I.L.A.,* 73 D.P.R. 616, 637 (1952) ; *Junta Relaciones del Trabajo* v. *N.Y.&P.R.S/S. Co.,* 69 D.P.R. 782, 790 (1949)— la práctica ilícita consistente en discriminar contra un empleado por presentar cargos o facilitar información o prestar testimonio contra su patrono está estatuida

---

([2]) Véase el escolio núm. (1), *ante.*

en ambas leyes, la federal y la estatal nuestra. Dispone la ley federal en su Sec. 8(a)(4), 29 U.S.C. sec. 158(a)(4):

Sec. 158. . . .

 (a) . . . Será práctica ilícita de trabajo para un patrono—

 . . . . . . .

 (4) despedir o discriminar de otra manera contra un empleado porque ha radicado cargos o dado testimonio al amparo de esta [ley]; . . . (Traducción nuestra.)

En el caso del cargo por violación de convenio, la Junta de Relaciones del Trabajo de Puerto Rico tenía jurisdicción contra el patrono Pradco no empece ser una empresa dedicada al comercio interestatal.(3) Es así, porque por no ser práctica ilícita bajo la ley federal, como hemos señalado, la Junta de Relaciones del Trabajo no ocupa el campo; y porque la ley federal confiere jurisdicción para entender en esos casos tanto a las cortes de distrito federales como a los tribunales estatales, *Dowd Box Co.* v. *Courtney*, 368 U.S. 502 (1962), y se considera a la Junta de Relaciones del Trabajo de Puerto Rico, para esos fines, como si fuera un tribunal. *Volkswagen de Puerto Rico, Inc.* v. *Pu[er]to Rico Lab. Rel. Bd.*, 454 F.2d 38 (1er Cir. 1972).

■ Cuando la práctica ilícita está estatuida en la ley federal, como es el caso de la que aquí nos ocupa, la jurisdicción para conocer de ella compete exclusivamente a la Junta de Relaciones del Trabajo federal bajo la doctrina del campo ocupado. Así, en *San Diego Unions* v. *Garmon*, 359 U.S. 236, 244–245 (1959), se expresa:

 . . . It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. . . . When an activity is arguably subject to Sec. 7 or Sec. 8 of the Act, the States as well

---

(3)*El Mundo, Inc.* v. *J.R.T.*, 92 D.P.R. 834 (1965); *P.R. Telephone Co.* v. *J.R.T.*, 92 D.P.R. 257 (1965); *P.R. Telephone* v. *Junta Rel. Trabajo*, 86 D.P.R. 382 (1962).

as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with National policy is to be averted.

■ El caso de violación de convenio colectivo no es excepción a esta norma por no constituir, como hemos señalado, una práctica ilícita bajo la ley federal. Además, la propia ley federal, al conferir jurisdicción para estos casos a las cortes de distrito federales —Sec. 301(a), 29 U.S.C. sec. 185(a) (⁴)— permite a los estados retener jurisdicción, *Dowd Box Co.* v. *Courtney*, supra. Vale señalar que tanto en una como en la otra jurisdicción los tribunales vienen obligados a aplicar el Derecho sustantivo federal. *Textile Workers* v. *Lincoln Mills*, 353 U.S. 448 (1957); *Teamsters Local* v. *Lucas Flour Co.*, 369 U.S. 95, 104 (1962), donde se expresa: "[I]n enacting sec. 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules."

El argumento de la recurrida de que su jurisdicción sobre la querella que nos ocupa es una consecuencia de su derecho a proteger sus fuentes de información pierde validez frente al hecho insuperable de que al adjudicarla vendría obligada a aplicar el Derecho laboral federal, aun si confligiere con la política laboral de Puerto Rico. Es una realidad de la que no podemos abstraernos.

Por los fundamentos expresados, *se revocará la resolución recurrida.*

Por regla de necesidad, intervienen todos los jueces de este Tribunal.

---

(⁴) Dispone:

"Las acciones por *violaciones de contratos* entre un patrono y una organización obrera que represente a los empleados de una industria que afecte al comercio según se define en esta [ley], o entre dichas organizaciones obreras, podrán incoarse en cualquier corte de distrito de los Estados Unidos con jurisdicción sobre las partes, sin considerar la suma en controversia o la ciudadanía de las partes." (Énfasis suplido y traducción nuestra.)